THE PEOPLE . ex rel. DONNA WISNESKI, Petitioner-Appellee, v. JAMES
THOMAS, Respondent-Appellant.

(No. 73-207;

.Third District—November 21, 1974.

John T. Kelly, of South Holland, for appellant.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams,
Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an action under the "Paternity Act." The Circuit Court of Will
County, after a jury trial, entered judgment against the defendant James
Thomas.

■■ In the complaint herein filed August 26, 1966, Donna Wisneski al-
leged that she was unmarried and the mother of a child born December
12, 1965, and that the defendant is the father of the child. Defendant
plead not guilty. On April 11, 1973, the trial was at long last begun. De-
fendant, on this appeal on oral argument, contended that the failure to
bring him to trial until the child was over 7 years old amounts to laches.
While failure to prosecute a suit may have the same consequence as fail-
ure to institute any proceeding, the record in this case disclosed that no
motion to dismiss for want of prosecution was ever filed by defendant. If
defendant desired the benefit of an order of dismissal, he should have
done what was required of him toward bringing the matter to a hearing.

During the trial, the child was called to testify as a rebuttal witness.[1] When she was brought into court the assistant State's Attorney whispered in her ear while pointing to the defendant. Defendant contends that this action on the part of the prosecution amounted to a profert of the child and was calculated to prejudice the defendant. It may have. *Robnett v. People,* 16 Ill.App. 299.

This appears to be a close case on the facts. The only person to testify for the prosecution apart from Donna Wisneski was her sister-in-law who merely stated that she had seen the parties together on two occasions. Donna admitted that she had named James Broadwell as the father when she was admitted to the hospital. She testified that at that time there was a James Broadwell living in Joliet. She further admitted that she caused the name of James Broadwell to be entered on the birth certificate as the father. The Vital Statistics Act (Ill. Rev. Stat. 1965, ch. 111½, par. 73-12(4)) in pertinent part provides:

> "If the mother was not married to the father of the child either at the time of conception or birth, the name of the father shall not be entered on the certificate of birth *without the written consent of the mother and* the person to be named as *the father * * *."*

■■ Not being a judicial admission, her declaration of paternity is not conclusive against her; nevertheless, while not only strong and highly persuasive substantive evidence against her, it has in addition a special value against her in that she is discredited in her testimony on which she relies. McCormick on Evidence § 262 (2d ed. 1972).

In view of the foregoing, we will reverse and remand for a new trial and deem it unnecessary to discuss other alleged errors urged by defendant.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.

---

[1] The trial judge ruled that she was incompetent.